**IN THE COURT OF APPEALS OF IOWA**

No. 15-2076
Filed February 10, 2016

**IN THE INTEREST OF D.C. and B.C.,**
**Minor Children,**

**L.B., Mother,**
　　　Appellant,

**S.C., Father,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Calhoun County, Adria Kester, District Associate Judge.


　　　A mother and father separately appeal from the order terminating their parental rights.  **AFFIRMED ON BOTH APPEALS**


　　　Sarah J. Livingston of Bennett, Crimmins, and Livingston Law Firm, Fort Dodge, for appellant mother.

　　　Joseph L. Tofilon of Thatcher & Tofilon, P.L.C., Fort Dodge, for appellant father.

　　　Thomas J. Miller, Attorney General and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

　　　Mark J. Rasmussen of Rasmussen Law Office, Jefferson, guardian ad litem.

　　　Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A mother and father separately appeal the termination of their parental rights to their children, D.C. and B.C. The mother and father individually claim there is not clear and convincing evidence to support termination. The father claims the State did not make reasonable efforts in assisting him to work toward reunification with the children and the juvenile court erred in denying his request for an additional six months to work toward reunification. The mother claims termination is not in the children's best interests. We affirm the juvenile court's order.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The juvenile court issued a thorough and well-reasoned order terminating the mother's and father's parental rights; we adopt the findings of fact and conclusions of law as our own.

**A.     Grounds for Termination**

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(b) and (e) (2015). The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e). When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Termination is appropriate under Iowa Code section 232.116(1)(e) when the court finds the following has occurred:

(1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.

(3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so. For the purposes of this subparagraph, "significant and meaningful contact" includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

Here, the mother and father each challenge the third factor. The father claims he attempted to reengage with the children but was prevented from doing so due to his incarceration and the State did not investigate the possibility of allowing him visitation or contact with the children. The record shows the father voluntarily left Iowa for California in July 2014 and did not return until March 2015. He had no contact with the children during that time. The father requested to see the children in July 2015 before he was placed in jail—he did not attend the visit arranged by the State. The father's belated complaints of the State's failure to arrange visitations with his children falls short given his past absences from the children's lives and failure to "resume care of the child[ren] despite given the opportunity to do so." Iowa Code § 232.116(1)(e)(3). Clear and convincing evidence supports the termination of the father's parental rights pursuant to section 232.116(1)(e).

The mother claims she maintained "significant and meaningful contact" with the children in the six months prior to termination. The mother claims she

was consistent in attending visitations offered by the Iowa Department of Human Services (DHS). She actively engaged with the children during the visits and she improved her parenting skills. However, "significant and meaningful contact" encompasses more than attending visitations and engaging with the children. In the six months prior to termination, the mother voluntarily decided to leave stable housing at the YWCA and move to a house in Rockwell City. During this time it was reported that the mother's behaviors with the children were moving toward both physical abuse and neglect—emotional abuse of the children was already evident. At the termination hearing, she refused to give the address for this residence—readily admitting it was unsafe for the children. The mother's previous unsafe residence was one of the elements factoring into the initial removal of the children. Additionally, the mother has failed to address her unresolved mental health issues, her visits with the children have not progressed past supervised visits since May of 2013, she has refused drug testing, and she has failed show an interest in completing the responsibilities outlined in the case plan. Given the opportunities and many services provided to the mother, she has not made a "reasonable effort" to resume care of her children, and we affirm the termination of her parental rights pursuant to section 232.116(1)(e).

## B.    Reasonable Efforts

The father claims the State did not make reasonable efforts to reunify him with the children while he was in jail and should have provided him with an additional six months to work toward reunification.

Iowa Code section 232.102(5)(b) requires the State to make reasonable efforts to preserve the family before removing the child from the home. After

removal, the State must also make reasonable efforts to reunify the family as quickly as possible. *Id.* § 232.102(7). In determining whether reasonable efforts have been made, the court considers "[t]he type, duration, and intensity of services or support offered or provided to the child and the child's family." *Id.* § 232.102(10)(a)(1). In order to continue placement for an additional six months, Iowa Code section 232.104(2)(b) requires the juvenile court to make a determination that the need for removal will no longer exist at the end of the extension.

Concerning these issues, the juvenile court noted:

> [The father] has not maintained any contact let alone significant and meaningful contact with the children in the relevant time period of April 2015 through October 2015. He was certainly able to do so, yet he did not. [The father] has also failed to make any efforts to resume care of his children, despite being told on numerous occasions what his responsibilities were under the Contract of Expectations. The very concerns that existed at the start of this case still exist twenty-nine months later. [The father] refused to respond to the reunification services available to him. [The father] has failed to address his domestic violence issues, has failed to be employed, has failed to secure a residence and has failed to complete his probation terms. He remains incarcerated, but even while not incarcerated, he refused to complete the responsibilities required in the Contract of Expectations. He has not followed the recommendations of the Parenting Assessment, assisted the children in completing developmental assessments, complied with the terms of visitation to be on time and respectful, has not become an informed, reliable and stable parent, and has not followed through with services to assist him in reunification with the children. The children still cannot be returned to the father's care. [The father]'s lack of action in failing to take advantage of the services offered to him and his failure to follow the recommendations of his mental health evaluation and the parenting assessment made it impossible to ever move this case beyond unsupervised visitation.

We find the State has made reasonable efforts and granting the father an additional six months to work toward reunification would not be in the children's best interests.

**C.      Best Interests**

The mother claims the termination of her parental rights is not in the children's best interests.  In determining the best interests of the children, we give primary consideration to "the child[ren]'s safety, to the best placement for furthering the long term nurturing and growth of the child[ren], and to the physical, mental, and emotional conditions and needs of the child[ren]."  *See* Iowa Code § 232.116(2); *P.L.,* 778 N.W.2d at 37.  For the reasons already stated above, we find the termination of the mother's parental rights is in the children's best interests.

We affirm the termination of the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**